### ED McCARTHY, ADMINISTRATOR, v. MUTUAL RESERVE FUND LIFE ASSOCIATION.

Decided May 28, 1903.

**1.—Assignment of Error—Generality.**

An assignment of error that "the court erred in instructing a verdict for the defendant in a fact case where there was ample evidence for the jury to have found for the plaintiff," is not subject to the objection that it is too general for consideration.

**2.—Life Insurance—Lost Policy—Fact Case for Jury.**

Evidence held sufficient to require the submission of the case to the jury in an action on a life policy which had been lost.

Appeal from the District Court of Galveston. Tried below before Hon. R. G. Street.

*Geo. E. Mann* and *John S. Gregory,* for appellant.

*West, Chapman & West* and *Terry, Ballinger, Smith & Caven,* for appellee.

GARRETT, CHIEF JUSTICE.—This was a suit on a policy of insurance for $2000, alleged to have been issued September 15, 1896, by the defendant Mutual Reserve Fund Life Association, on the life of Isaac Williams, deceased. A jury was impaneled in the case, but after the evidence had been heard the trial court instructed a verdict for the defendant, which was returned and judgment entered in its favor. The plaintiff has appealed, and has assigned as error that "the court erred in instructing a verdict for the defendant in a fact case where there was ample evidence for the jury to have found for the plaintiff." The defendant objects that this assignment is too general for consideration by this court. A liberal construction should be given the statute and rules relating to the presentation of cases on appeal, and although an assignment of error may not be in strict compliance with them, this court may and should consider the merits of the appeal, rather than defeat it by a technical application of the statute and rules. But the error assigned is the specific action of the court in instructing a verdict for the defendant where there was evidence upon which the jury may have found for the plaintiff. It seems hardly necessary, in order to make this assignment better, to set out therein the evidence to show that it was sufficient to authorize the submission. The error assigned was the giving of the peremptory instruction where there was evidence that would support a verdict to the contrary.

We are of the opinion that the evidence was sufficient to require the case to be submitted to the jury. The questions of fact to be decided were whether or not the policy of insurance had ever been issued and delivered to the deceased, and whether or not it was in force at the time of his death, and whether, in view of the fact that the proofs of loss had not been made as required by the policy, the defendant had promised to pay the same on the return thereof, as claimed by the plaintiff. Several witnesses testified in the case respecting the issuance and delivery of the policy by the defendant, and the evidence, if true, identified the defendant as the company who issued the policy. There was evidence that a duplicate policy had been issued by the company while the original had been temporarily misplaced and lost; that the first premium had been paid on the delivery of the original policy, and that the subsequent installments of the premium had been kept up.

The witness Frenkel, who was the defendant's agent in Galveston, testified that the policy had been issued, and that Williams had paid his first premium, and explained as the reason why the company did not

receive that premium that it was the agent's commission; that he collected it at the time the application was made.

Dr. Wilkins testified that he saw the duplicate policy in the possession of Isaac Williams, and saw receipts for the payment of the installments of the premium, and that the last receipt he saw paid him up in full; and that this was in April, 1901, while Williams was sick and just before his death.

Macey Williams and Louisa 'Williams, the mother and daughter of the deceased, both testified that the duplicate policy had been sent on to the company together with the receipts at the request of the company to send them. Louisa Williams testified that a letter was received from the company stating that if Macey Williams would send them the policy and papers and things they would send her $2000 in one month's time.

We have not undertaken to state all the testimony, but only a sufficient amount thereof to show that the issues should have been submitted to the jury. Nor do we undertake to discuss the weight of the evidence, or to indicate how the jury should have found if the case had been submitted to them. All that is decided is that there was sufficient evidence to require the submission of the issues to the jury, and the court erred in giving the peremptory instruction in favor of the defendant. For this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*